# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

REYNALDO MILLETTE,

      Petitioner,

-vs-                            Case No.   8:18-cv-2232-WFJ-NHA

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER

Before the Court is Mr. Millette's Motion for Reconsideration (Doc. 54), which the Court construes as a motion to alter or amend the judgment under Rule 59(e), Fed.R.Civ.P. "The only grounds for granting [a Rule 59] motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Mr. Millette neither presents newly discovered evidence nor shows that the Court committed a manifest error of law or fact in denying his petition for a writ of habeas corpus.

Mr. Millette contends that the Court failed to address three sub-claims in his Amended Ground Eight: 1) the "principal" jury instruction was defective because it stated both Mr. Millette and his accomplice, Mr. Rogers, "were principals in the commission of robbery"; 2) the state post-conviction court committed fraud or deceit when in its order denying Mr. Millette's Rule 3.850 motion, it referenced portions of

1

the state court record that cannot be located in the state court record; and 3) the "motion for judgment of acquittal proceedings" are missing from the record. Even if Amended Ground Eight can be liberally construed as having raised these claims, they warrant no relief.

Although the pages of the trial transcript that included the motion for judgment of acquittal were missing when the rest of the record was filed with the clerk of the appellate court on December 22, 2009, the court reporter supplemented the record with those missing pages on May 21, 2010 (See Doc. 30-1 at pp. 2-17). Thus, the supplemental transcript pages that included the motion for judgment of acquittal were part of the record when the state post-conviction court issued its order on March 28, 2016 (See Doc. 6-6, Ex. 28). Mr. Millette, therefore, fails to show that the transcript of the judgment of acquittal proceedings was not part of the state court record and that the state post-conviction court committed "fraud" or was deceitful in referring to those portions of the record in its order denying the Rule 3.850 motion. And even if Mr. Millette showed fraud, deceit, or error during the state post-conviction proceedings, the claim would warrant no relief in this federal habeas proceeding because it does not challenge his conviction and confinement but challenges the process afforded him in the collateral post-conviction proceeding. *See Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) ("This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief."). Mr. Millette's second and third "sub-claims" warrant no relief.

Mr. Millette's first "sub-claim" likewise warrants no relief. It is unclear whether Mr. Millette is asserting he raised a substantive claim that the jury instruction was erroneous or a claim that counsel was ineffective in failing to object to the instruction. Either way, the claim was procedurally barred from review because Mr. Millette failed to present the claim to the state courts on direct appeal or during his post-conviction proceedings (See Doc. 6-6, Exs. 4, 14). And the claim warrants no relief on the merits because Mr. Millette fails to show the jury instruction[1] was an incorrect statement of the law. *See* Fla. Stat., § 777.011 ("Whoever commits any criminal offense against the state, . . . or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense."); *Staten v. State*, 519 So. 2d 622, 624 (Fla. 1988) ("Under [Florida] law, both the actor and those who aid and abet in the commission of a crime are principals in the first degree.").

Accordingly, the construed Rule 59(e) motion (Doc. 54) is **DENIED**. Further, because Mr. Millette has not made a substantial showing of the denial of a constitutional right, a certificate of appealability and leave to proceed *in forma*

---

[1] The instruction did not state Millette was a principal in the robbery.   That was an element of felony murder (Count One in the three-count verdict form) to be proven.   *See* Doc 6-5 at 266.   The principal instruction was given at docket 6-5 at 269 and was correct.

3

*pauperis* on appeal are **DENIED**.

      **ORDERED** in Tampa, Florida on March 25, 2025.


WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to:
Reynaldo Millette, *pro se*
Counsel of Record

4